<hr />

**JAMES STEPHENS, a Guardian ad Litem for ADRIENNE STEPHENS, JASON STEPHENS, NICHOLAS STEPHENS, and ADELITA STEPHENS, minor children, Petitioners**

**v.**

**CECILIA M. STEPHENS, Respondent**

High Court of American Samoa
Land and Titles Division

LT No. 37-95

September 19, 1996

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel:  For Petitioner, Barry I. Rose
For Respondent, Afoa L. Su'esu'e Lutu

Petitioners Adrienne Stephens, Jason Stephens, Nicholas Stephens and Adelita Stephens ("the Stephens children") bring this motion for reconsideration to request that the court: (1) include the smaller parcel of the land in the constructive trust; (2) name only the Stephens children as the tenants in common; (3) appoint someone other than respondent Cecilia M. Stephens ("Cecilia") as the guardian of Stephens children's estates in the land; and (4) cancel the orders to James Stephens ("James") in his capacity as guardian ad litem for the Stephens children.

## DISCUSSION

Our findings of fact in the opinion and order of June 3, 1996 ("the decision") have been apparently misread in certain respects. Thus, we will reiterate those findings particularly relevant to the reconsideration issues to clarify the decision.

Under the evidence, James and Cecilia did not contemplate any particular development or use of either the smaller parcel or larger parcel of land when these parcels were purchased, the smaller parcel first, during their marriage. Cecilia held title to both parcels, legally necessary as between James and Cecilia. When divorce proceedings ensued, she was awarded both parcels by court order, based on their mutual agreement. After their divorce and at James' continual urging, Cecilia finally agreed to build the house on the larger parcel. Based on the actual mortgage, she at least implicitly agreed to use both parcels as collateral for bank financing of this project. The house was substantially built in due course and became real property and an integral part of the underlying land.

Both James and Cecilia understood that the project would be for the benefit of the Stephens children. They did not expressly agree, though, on Cecilia's retained interest in the land or prospective interest in the house. Both understood that Cecilia would live there with the Stephens children. However she articulated her thoughts, Cecilia did not intend to give up her entire title to the land and did expect to gain a permanent interest in the house. James, on the other hand, thought, since in his mind he would be paying for the house,[1] that Cecilia was giving her title to the land and any

---

[1] The relative financial contributions by James and Cecilia to the house project, however equal or unequal, are not a major factor in on our decision. Our decision is based solely on our determination of the Stephens children's best interests. Thus, counsel's financial analyses are not persuasive.

166

potential title to the house to the Stephens children. In short, James and Cecilia did not have a complete meeting of the minds with respect to their intentions on title to both parcels and the house when they entered the rough oral agreement presented by the evidence.

Most important, we are not now trying to fully reconstruct and enforce a rather imprecise oral accommodation. Finding no intent to establish a trust in connection with the agreement, we are not creating a resulting trust to resolve this action. Rather, we are creating a constructive trust as an equitable remedy to protect the Stephens children's best interests under the present circumstances.

## 1. Inclusion of the Smaller Parcel

The smaller parcel and the larger parcel were purchased separately, with defined legal boundaries. A third party now has a contract to purchase the smaller parcel. Hence, the distinction between the two parcels is not merely abstract, as argued, but is a legal reality. They do not need to be treated as a single unit for purposes of the constructive trust.

We did use the word "dedicate" too loosely. Strictly, a person "dedicates" private real or other property to a general or public purpose. *See generally*, 23 Am. Jur. 2d, *Dedication* (1983). This is not the present situation. Moreover, our reference should have been to the larger parcel, not the house, in describing Cecilia's agreement to the house project. However, the larger parcel and house are indistinguishable now. They exist as a single unit of real property for purposes of the constructive trust.

Above all, we believe that inclusion of the smaller parcel in the constructive trust, except for the portion needed to ingress and egress the larger parcel, is not necessary to protect the Stephens children's best interests.

## 2. The Beneficiaries of the Constructive Trust

The Stephens children next argue that the court's order is inconsistent in that it conveys a partial interest in the larger parcel and house, and the separated portion of the smaller parcel, to Cecilia. Again, in light of the discussion

---

Moreover, the respective interests that James and Cecilia own in the business enterprise known as the Stephens Distributorship are properly a matter for the court to decide in the divorce proceedings. Even if this issue is to any extent relevant to resolution of this action, the evidence before us, consisting of virtually nothing about the history and none of the records of the business, is insufficient to definitively determine the share each has, or is entitled to have, in this business.

above, we believe that total exclusion of Cecilia's existing title interest in the larger parcel and house is not necessary to protect the Stephens children's best interests.

We will refine the decision to clearly limit the constructive trust property to the Stephens children's undivided 80% interest in the larger parcel and house, and the separated portion of the smaller parcel.

### 3. Guardian of the Stephens Children's Estates

■ A guardian is a fiduciary. Indeed, as this court has stated the "[d]uty of a guardian or other fiduciary to be zealous in the protection of the interests of those to whom the fiduciary duty is owed is at its highest in situations wherein these interests may compete with the personal interests of the fiduciary." *In re Guardianship of Tedrow*, 7 A.S.R.2d 72, 73 (Trial Div. 1988).

■ Although there has been some indication that Cecilia has, in the past, overlooked the Stephens children's best interests, she is now officially charged with the unscrupulous unselfishness required of a fiduciary. As a fiduciary, Cecilia will be legally bound to perform her duties as a guardian in the Stephens children's best interest. If she fails in her duties, the Stephens children have recourse in the courts. However, any assertion that Cecilia has breached her fiduciary duty as guardian of the Stephens children's estates in the larger parcel of the land is unripe. We certainly expect that Cecilia, apprised of her duties as guardian of the Stephens children's estate, will perform those duties.

### 4. Jurisdiction Over James Stephens

"[O]ne is not bound by a judgment resulting from litigation in which he is not designated as a party and to which he has not been made a party by service of process." *Raid v. Puailoa*, 1 A.S.R.2d 85, 89 (Appellate Div. 1983). James voluntarily dismissed his cause in this action in a timely manner, pursuant to T.C.R.C.P. Rule 41(a), and this court no longer has jurisdiction to make orders directed at him in this action.

We will delete the requirements that James shall pay for the resurvey to define the right of way in the smaller parcel and make the construction loan payments to the mortgagee bank. We still maintain our expectations. James clearly has a duty to perform on his financial obligation to the bank.

ORDER

168

1. We deny the motion for reconsideration, except as to the orders directed to James in his capacity as guardian ad litem.

2. We amend the order in the decision as follows:

> a. Paragraph 1 is amended to read:
> 1. A constructive trust is imposed on an undivided 80% interest in the larger parcel and house, and in a 24-foot wide strip along the southern boundary of the smaller parcel from the public road to the larger parcel, with Cecilia as the trustee and the Stephens children as the beneficiaries.

> b. The last two sentences of paragraph 2 are amended to read: Cecilia shall submit all proposed documents intended to comply with this order to the court for approval before the documents are executed and recorded no later than 90 days after the date of entry of the order on motion in part denying and granting motion for reconsideration. Cecilia shall pay for the resurvey needed to divide the smaller parcel.

> c. Paragraph 5 is deleted.

d. Paragraph 6 is renumbered paragraph 5 and, consistently with the order denying interim motion on possession and repair of house, entered on July 15, 1996, the following sentence is added at the end of this paragraph to read:

> This order is limited to routine maintenance, upkeep and repair.

3. The clerk of the court shall have certified copies of this order delivered to the America Samoa Bank and Territorial Registrar of American Samoa.

It is so ordered.